# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MICHAEL T. BRAXTON v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lauderdale County
### No. 6626   Joe H. Walker, III, Judge

---

### No. W2012-02642-CCA-R3-HC  - Filed April 17, 2013

---

The Petitioner, Michael T. Braxton, appeals the Circuit Court of Lauderdale County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

ROGER A. PAGE,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Michael T. Braxton, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

A Davidson County jury convicted the Petitioner of aggravated rape and aggravated assault.  The trial court sentenced the Petitioner to twenty-three years for the aggravated rape conviction and five years for the aggravated assault conviction to be served concurrently to each other but consecutively to another conviction in South Carolina.  This court affirmed the Petitioner's convictions on direct appeal.  See State v. Michael Braxton, No. M1998-00255-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1160 (Tenn. Crim. App., at Nashville, Nov. 30, 1999).  The Petitioner subsequently sought post-conviction relief.  The post-conviction court denied relied, and this court affirmed the post-conviction court's judgment.

See Michael Braxton v. State, No. M2006-01894-CCA-R3-PC, 2007 Tenn. Crim. App. LEXIS 543 (Tenn. Crim. App., at Nashville, July 10, 2007).

On November 8, 2012, the Petitioner filed a petition for writ of habeas corpus in which he claimed that his sentences were enhanced in violation of his Sixth Amendment right to a jury trial as set forth in Apprendi v. New Jersey, 653 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). On November 10, 2012, the trial court entered an order dismissing the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App.

1994).

The Petitioner failed to attach to his petition for habeas corpus relief a copy of the judgments of conviction leading to his restraint or provide a satisfactory reason for their absence.  See T.C.A. § 29-21-107(b)(2).  The statutory requirements for the contents of a petition for a writ of habeas corpus are mandatory and failure to meet those requirements warrants dismissal of the petition. See Hickman, 153 S.W.3d at 21.  Although the Petitioner attached copies of the complete judgments to his brief, they were not presented to the trial court, were not included in the appellate record, and are not properly for this Court for consideration.  See Tenn. R. App. P. 28(a).

Moreover, violations under Blakely do not render a judgment void.  See Timothy R. Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 355, at *7 (Tenn. Crim. App., at Nashville, May 1, 2007).  Blakely also does not apply retroactively to cases on collateral appeal.  See id. at *7-8.  The Petitioner has failed to establish that his sentences are illegal and that he is entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  See Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, it is ordered that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROGER A. PAGE, JUDGE